*558
 
 Jones, J.
 

 The common pleas court rendered judgment in favor of the plaintiffs in error, not only for the amount of the award, but also for an added penalty of 50 per cent, imposed by Section 1465-74,, General Code (103 O. L., 82, Section 27). The Court of Appeals was of the opinion that the clause therein relating to the 50 per cent, was unconstitutional and void. In so holding the Court of Appeals evidently followed the conclusion announced by five judges of this court in
 
 De Witt
 
 v.
 
 State, ex rel. Crabbe, Atty. Genl.,
 
 108 Ohio St., 513-533, 141 N. E., 551. Adhering to their conclusion in that case, the majority of this court hold that the clause contained in said Section 1465-74, General Code, imposing a 50 per cent, penalty in addition to the statutory award, is unconstitutional and void. The trial court, therefore, erred in the inclusion of such penalty as a part of the judgment.
 

 Instead of modifying the judgment of the trial court by the elimination of the amount of the penalty, the Court of Appeals reversed the judgment in its entirety and rendered final judgment in favor of the receiver. It remanded-the cause to the trial court, with instructions to dismiss the petition of the plaintiffs in error. The reason assigned by the appellate court was that the Workmen’s Compensation Law, being purely a creature of the statute, no authority was therein given to bring a suit against the receiver" for an award, although such authority to sue the employer had been expressly provided by Section 1465-74, General Code, and that, when sued, the employer could contest all the jurisdictional facts necessary to be determined by the commission before making an award for compensation.
 
 Pitts
 
 
 *559
 

 burg Coal Co.
 
 v.
 
 Industrial Commission of Ohio,
 
 108 Ohio St., 185, 140 N. E., 684.
 

 Since the employer was not served with summons and did not enter his appearance in the trial court, this cause must be treated as an action against the receiver alone. An award had been made by the commission in favor of the dependents on April 12, 1924. The award was for $5,000, and for $159 additional for medical, funeral, and hospital bills. The petition against the employer and receiver in this case was filed on May 27,1925. No service was had upon the employer, who was claimed to have absconded in the meantime. This suit was brought in the same court that appointed the receiver. The possession of the assets held by the receiver was the possession of the court. At the outset, when thg action was originally brought, no leave to sue the receiver had been asked of the court, but, prior to the trial, application for leave to sue was made and granted by the court who had appointed the receiver and had the property of the employer
 
 in custodia le gis.
 

 In the trial court, therefore, the cause assumed an aspect whereby a claim in the nature of an award had been presented to the receiver and refused, and authority was given by the court to bring an action against its receiver. The receiver answered, denying that Bredwell had met his death in the course of his employment, and alleging that the employer did not employ regularly five or more persons in his business. Plaintiff demurred to the answer and this demurrer was overruled. Whether, on failure of the employer to defend, the receiver could make the same defense to the award that the employer could
 
 *560
 
 have made, under the
 
 Pittsburg Coal Co. case, supra,
 
 need not now be determined, since these issues were found in favor of the plaintiff below. It would seem, however, that these defenses would inure to the benefit of the receiver, who, by virtue of Section 11897, General Code, is empowered to defend actions in his own name under the control of the court.
 

 Although there was no judgment against the employer, there was a judgment against the receiver for the claim disallowed by him. The effect of that judgment was an adjudication of the claim as a valid one against the assets of the employer, which must be ultimately distributed by the court, having due regard for the provisions of Section 1465-88, General Code.
 

 The judgment of the Court of Appeals would leave the dependents, who had obtained an award, remediless in their effort to intervene and obtain satisfaction or partial satisfaction of their award from the assets of the employer in the custody of the court.
 

 We are of the opinion that, irrespective of Section 1465-74, General Code, the dependents, having obtained an award from the commission, had a right to present their claim to the receiver, and that if refused by him, they could intervene by leave of the court appointing the receiver and there procure an adjudication on its validity. Afterwards, on questions of priority, they could be heard upon the distribution of the assets of the employer among the various claimants thereto, where the court could give due regard to legal priorities.
 

 The. judgment rendered by the Court of Appeals is reversed, and the cause is remanded to the Court
 
 *561
 
 of Appeals with instruction to consider the errors assigned and presented on the record therein.
 

 Judgment reversed and cause remanded.
 

 Marshall, C. J., Day, Kinkadé, Robinson and Matthias,
 
 JJ.,
 
 concur.
 

 Allen, J., concurs in proposition 2 of the syllabus and in the judgment.